18894. CASEY *et al. v.* BACON, Ordinary.

WYATT, Presiding Justice. The instant case is a suit to enjoin the holding of an election for the purpose of nullifying a previous election held in Bryan County, Georgia, legalizing the sale and control of alcoholic beverages. A petition seeking such an election was submitted to the ordinary of said county. After checking and verifying the names on the petition and after determining that the list contained at least 35% of the qualified voters of Bryan County, the ordinary called an election. Two days later and before the election was advertised, a petition was presented to the ordinary, requesting that the signers' names be removed from the first petition seeking the election. This second petition con-

tained 276 names. The ordinary issued an order removing the names from the petition seeking the election, but did not revoke the order calling the election. The petitioners then filed a petition, seeking to enjoin the advertising and holding of the election, in which they set out the above facts and contended that, with the 276 names removed, the petition seeking an election did not contain at least 35% of the qualified voters of Bryan County. A temporary restraining order was granted and, after hearing, said order was dissolved, an interlocutory injunction was refused, and a supersedeas was granted. The exception here is to the order dissolving the temporary restraining order and refusing an interlocutory injunction. *Held:*

Code (Ann. Supp.) § 58-1010.1 (Ga. L. 1941, p. 199) provides in part: "In any county which has at any time held an election in accordance with the provisions of this chapter, resulting in the majority of the votes being cast in favor of taxing, legalizing, and controlling alcoholic beverages and liquors, and the manufacture, distribution, and sale of same in such county, the ordinary of such county shall, upon a petition signed by at least 35% of the registered qualified voters of said county, proceed to call another election in the same manner as hereinbefore provided, for the purpose of nullifying the previous election." In the instant case, a petition containing the names of what is admitted to have been at least 35% of the registered voters of Bryan County was presented to the ordinary. She then, as she was required to do under the law, called an election. It is not and can not be contended that there is anything irregular or illegal in the calling of the election. It is contended, however, that, after the election was called, a number of signers to the petition filed a new petition seeking to have their names removed from the first petition and that those names were removed, leaving, as is contended by the plaintiffs in error, a number of signers which is less than 35% of the registered voters of Bryan County, and that, as a result, the call of the election was illegal and any election held pursuant thereto will be void. Without deciding whether or not the signers of the original petition could have their names removed therefrom after an election had been called, and without deciding whether or not the ordinary could legally pass an order removing said names from the petition, it is clear that the call of the election was regular and legal and in accordance with the law relating thereto. The legality of an act is to be determined by the law and circumstances at the time the act is done and not by the law and circumstances at some subsequent time. When an election is legally called under Code (Ann. Supp.) § 58-1010.1, the various other acts such as advertising, preparing the ballots, and holding an election follow as a matter of course and are not part of the order calling the election. The call of the election in the instant case had been completed before anyone attempted to remove his name from the petition requesting that an election be held. It follows, therefore, the judgment of the court below dissolving the temporary restraining order and refusing an interlocutory injunction was not error.

2. Under the above rulings, it is not necessary to decide whether or not the petition seeking an election would contain less than 35% of the registered voters of Bryan County if those requesting that their names

be removed were removed and are not counted, and to decide certain other questions raised in the record in this case.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1955—DECIDED APRIL 11, 1955—
REHEARING DENIED MAY 11, 1955.

*Williams & Smith,* for plaintiffs in error.
*J. T. Grice,* contra.